FILED

JAN 30 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE: EUGENIE MITCHELL

STIPULATION & ORDER

_____/

*Background*

      Ms. Eugenie Mitchell, a lawyer enrolled in the Bar of this court, practices in the area of district court review of Social Security Administration final decisions. She has been counsel of record in numerous cases previously pending in this court and is counsel of record in cases now pending. In 2004, the magistrate judges of this court observed that court imposed deadlines in Ms. Mitchell's cases were by and large being missed thereby necessitating orders to show cause, and in some cases dismissals of her client's proceedings. Magistrate Judge Mueller issued an order in Cheng v. Barnhart, CIV-S-03-1012 KJM in which she recounted some of the problems set forth above. Although not expressly detailed in the order, Ms. Mitchell's problems with court deadlines were associated with a debilitating illness of her mother which greatly diverted Ms. Mitchell's focus and energies. An informal arrangement was reached in which Ms. Mitchell's law practice partner, Bess Brewer, would take over most, if not all, of Ms. Mitchell's duties in Mitchell counseled cases until such time as Ms. Mitchell could regain her work focus.

1

1         The problems seemingly abated for awhile, but have now actively resurfaced. In
2 Dillman v. Barnhart, CIV-S-05-0645 WBS CMK, Ms. Mitchell again missed deadlines in her
3 case, and then failed to respond to issued orders to show cause. Her lapses were the subject of
4 contempt proceedings. Dillman was not the only Mitchell pending case with deadline
5 compliance problems; orders to show cause have been issued in other cases. In conjunction with
6 the contempt proceedings, and in an attempt to resolve the problems in a less draconian fashion,
7 the issue of Ms. Mitchell's continued representation of clients in this court was referred to
8 Magistrate Judge Gregory Hollows for informal resolution.

9         During the course of the resolution proceedings, it was learned that Ms. Mitchell's
10 mother's illness again was consuming a good deal of Ms. Mitchell's time and energy. Moreover,
11 the stress of the family situation had also begun to significantly, adversely affect Ms. Mitchell's
12 own health and emotional stability.

13         On January 17, 2006, Ms. Mitchell, Ms. Brewer, Magistrate Judge Hollows and
14 his clerk, Julie Vincent, met to resolve the situation. Ms. Mitchell agreed that her present
15 situation made it impossible for her to adequately represent her client, and all present believed it
16 best that Ms. Mitchell be suspended from the Bar for at least four months and until she had
17 regained her own health and control of her family situation. No other conceivable
18 accommodation to Ms. Mitchell's health and family situation would adequately protect her
19 clients.

20         In light of the above, Ms. Mitchell and Ms. Brewer stipulate to the following:
21         WHEREAS Ms. Mitchell's family situation and health will not permit her to
22 adequately represent her clients in the near future;
23         WHEREAS the competent representation of Ms. Mitchell's clients cannot be
24 compromised;
25         WHEREAS nothing short of a leave of absence from practice will permit Ms.
26 Mitchell to recover, as well as have her client's interests maintained as Ms. Brewer will

2

1  substitute in as counsel;

2      WHEREAS the court is desirous of having Ms. Mitchell back as a competently
3  practicing member of the Bar of this court;

4      1. Ms. Mitchell will agree to at least a four month suspension from the Bar of this
5  court; after four months she may re-apply for admission, but she must submit medical
6  certification that her own medical problems are resolved (and her personal situation resolved) to
7  the extent that she can represent her clients in conformance with the Federal Rules of Civil
8  Procedure and the Local Rules of this court; Ms. Mitchell will also certify that she has regained
9  her health to the extent that she will be able to comply with the ordinary duties of a full time
10 lawyer, i.e., counseling clients, preparing pleadings in a timely fashion, maintaining an organized
11 office from a business as well as a litigation standpoint, and appearing and advocating at court
12 hearings;

13     2. Ms. Mitchell will notify her clients that her partner, Bess Brewer, will take
14 over management of Ms. Mitchell's cases; Ms. Brewer will enter an appearance in each of Ms.
15 Mitchell's currently pending cases to the extent she has not done so already;

16     3. Ms. Brewer will attend forthwith to all outstanding OSC's in Mitchell/Brewer
17 cases; and may request extensions of time as necessary in cases with quickly approaching due
18 dates;

19     4. The Clerk shall dis-enroll Ms. Mitchell as an active member of the Bar of this
20 court without prejudice to her reinstatement; if and when reinstatement is ordered, Ms. Mitchell
21 shall not have to pay any fee for such reinstatement;

22 \\\\
23 \\\\
24 \\\\
25 \\\\
26 \\\\

3

5. The order to show cause re contempt issued in Dillman v. Barnhart, CIV-S-05-0645 WBS CMK is discharged.

Dated: Jan. 23, 2006

EUGENIE MITCHELL

Dated: 1/23/06

BESS BREWER

IT IS SO ORDERED.

DATED: 1/27/2006

WILLIAM B. SHUBB
U.S. DISTRICT JUDGE

GGH/076
EugenieMitchell.wpd

4